The Honorable _____

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| STATE OF WASHINGTON, | NO. |
| Plaintiff, | **COMPLAINT** |
| v. | |
| CERBERUS INSTITUTIONAL PARTNERS V, L.P., a limited partnership; AB ACQUISITION LLC, a limited liability company; and SAFEWAY INC., a corporation, | |
| Defendants. | |

## I.   NATURE OF COMPLAINT

1. The State of Washington ("Plaintiff") brings this action, by and through Robert W. Ferguson, Attorney General, and Stephen T. Fairchild, Assistant Attorney General, to enjoin the proposed acquisition by Defendant AB Acquisition LLC ("Albertsons"), a subsidiary of Defendant Cerberus Institutional Partners V, L.P. ("Cerberus"), of certain assets of Defendant Safeway Inc. ("Safeway," and together with Albertsons and Cerberus, "Defendants"). Plaintiff seeks to enjoin this transaction because, if approved, it may substantially lessen competition for the retail sale of food and other grocery

COMPLAINT
USDC-WD CAUSE NO.

1

ATTORNEY GENERAL OF WASHINGTON
Antitrust Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7744

products in supermarkets within the relevant geographic markets in Washington and tend to create a monopoly therein, in violation of Section 7 of the Clayton Act, 15 U.S.C. § 18, as well as Washington's Unfair Business Practices – Consumer Protection Act, RCW 19.86.060.

## II.   PARTIES

2. Defendant Albertsons is a limited liability company organized, existing, and doing business under and by virtue of the laws of the State of Delaware, with its headquarters and principal place of business located at 250 Parkcenter Boulevard, Boise, Idaho.

3. Defendant Cerberus is a limited partnership organized, existing, and doing business under and by virtue of the laws of the State of Delaware, with its corporate headquarters and principal place of business located at 875 Third Avenue, 11th Floor, New York, New York.

4. Defendant Cerberus, through Albertsons, of which Cerberus is the majority owner, owns and operates the Albertsons chain of supermarkets in the western and southwestern United States, including stores located throughout Washington.

5. Defendant Safeway is a corporation organized, existing, and doing business under and by virtue of the laws of the State of Delaware, with its corporate headquarters and principal place of business located at 5918 Stoneridge Mall Rd., Pleasanton, California.

6. Defendant Safeway operates a number of supermarket chains throughout the United States, including the Safeway brand of stores located throughout Washington.

///

///

COMPLAINT
USDC-WD CAUSE NO.

2

ATTORNEY GENERAL OF WASHINGTON
Antitrust Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7744

7. Albertsons, Cerberus, and Safeway own and operate supermarkets in the geographic markets relevant to this Complaint and compete and promote their businesses in these areas.

### III.   JURISDICTION, VENUE, AND COMMERCE

8. The State of Washington brings this action under Section 16 of the Clayton Act, 15 U.S.C. § 26, and RCW 19.86.080 of Washington's Unfair Business Practices – Consumer Protection Act, to prevent and restrain Defendants from violating Section 7 of the Clayton Act, 15 U.S.C. § 18, and RCW 19.86.060.

9. Defendants and each of their relevant operating subsidiaries and parent entities are, and at all times relevant herein have been, engaged in interstate commerce and in activities that substantially affect interstate commerce. Defendants and each of their relevant operating subsidiaries and parent entities are, and at all times relevant herein have been, engaged in intrastate commerce and in activities that substantially affect intrastate commerce.

10. This Court has subject matter jurisdiction over the federal antitrust claim under Section 16 of the Clayton Act, 15 U.S.C. § 16, and under 28 U.S.C. §§ 1331 & 1337.

11. This Court has subject matter jurisdiction over the state antitrust claim under 28 U.S.C. § 1367(a), as well as under the principles of supplemental jurisdiction, because the claims under federal and state law are based upon a common nucleus of operative fact, and the state law claim is so closely related to the federal law claim that it forms part of the same case or controversy.

12. This Court has personal jurisdiction over Defendants because Defendants transact business within the Western District of Washington. Specifically, Defendants own

COMPLAINT  
USDC-WD CAUSE NO.

3

ATTORNEY GENERAL OF WASHINGTON  
Antitrust Division  
800 Fifth Avenue, Suite 2000  
Seattle, WA  98104-3188  
(206) 464-7744

and operate several supermarkets in the counties encompassed by the Western District of Washington that provide a wide variety of goods and services to Washington consumers.

13. Venue is proper in this District under Section 12 of the Clayton Act, 15 U.S.C. § 22, and 28 U.S.C. § 1391(b).

## IV.   THE PROPOSED ACQUISITION

14. On March 6, 2014, and as amended on April 7, 2014, and June 13, 2014, Defendant Albertsons, together with its subsidiaries Albertson's Holdings LLC, Albertson's LLC and Saturn Acquisition Merger Sub, Inc., and Defendant Safeway entered into an Agreement and Plan of Merger pursuant to which Albertsons would purchase all of the issued and outstanding common stock of Safeway and acquire various retail supermarket locations from Safeway, including the stores operated under the "Safeway" brand in Washington, in a transaction valued at approximately $9.2 billion (the "Proposed Acquisition").

## V.   THE RELEVANT PRODUCT MARKET

15. The relevant line of commerce in which to analyze the Proposed Acquisition is the retail sale of food and other grocery products in supermarkets.

16. For purposes of this Complaint, the term "supermarket" means any full-line retail grocery store that is open 24 hours per day (with few exceptions), and enables customers to purchase substantially all of their weekly food and grocery shopping requirements in a single shopping visit with substantial offerings in each of the following product categories: bread and baked goods; dairy products; refrigerated food and beverage products; frozen food and beverage products; fresh and prepared meats and poultry; fresh

COMPLAINT
USDC-WD CAUSE NO.

4

ATTORNEY GENERAL OF WASHINGTON
Antitrust Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

fruits and vegetables; shelf-stable food and beverage products, including canned, jarred, bottled, boxed and other types of packaged products; staple foodstuffs, which may include salt, sugar, flour, sauces, spices, coffee, tea and other staples; other grocery products, including nonfood items such as soaps, detergents, paper goods, other household goods, and health and beauty aids; pharmaceutical products and pharmacy services (where provided); and, to the extent permitted by law, wine, beer and/or distilled spirits.

17.     Supermarkets provide a distinct set of products and services and offer consumers convenient one-stop shopping for food and grocery products. Supermarkets typically carry more than 10,000 different items, typically referred to as SKUs—or stock-keeping units—as well as a deep inventory of those items. In order to accommodate the large number of food and non-food products necessary for one-stop shopping, supermarkets are large stores that typically have at least 10,000 square feet of display area or selling space.

18.     Supermarkets compete primarily with other supermarkets that provide one-stop shopping opportunities for food and grocery products. Supermarkets base their food and grocery prices primarily on the prices of food and grocery products sold at other nearby competing supermarkets. Supermarkets do not regularly conduct price checks of food and grocery products sold at other types of stores and do not typically set or change their food or grocery prices in response to prices at non-supermarket stores.

19.     Although retail stores other than supermarkets may also sell food and grocery products, these types of stores—including convenience stores, specialty food stores, limited assortment stores, hard-discounters, and club stores—do not, individually or collectively, provide sufficient competition to effectively constrain prices at supermarkets. These other

COMPLAINT
USDC-WD CAUSE NO.

5

ATTORNEY GENERAL OF WASHINGTON
Antitrust Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7744

retail stores do not offer a supermarket's distinct set of products and services that provide consumers with the convenience of one-stop shopping for food and grocery products. The vast majority of consumers shopping for food and grocery products at supermarkets are not likely to start shopping at other types of stores, or significantly increase grocery purchases at other types of stores, in response to a small but significant price increase by supermarkets.

## VI.   THE RELEVANT GEOGRAPHIC MARKET

20.   Customers shopping at supermarkets are motivated by convenience and, as a result, competition for supermarkets is local in nature. Generally, a vast majority of consumers' grocery shopping occurs at stores located in close proximity to where they live.

21.   In Washington, Defendants currently operate supermarkets under the Safeway and Albertsons banners within approximately two-tenths of a mile to ten miles of each other in each of the relevant geographic markets. The primary trade areas of Defendants' banners in each of the relevant geographic markets overlap significantly.

22.   The 27 relevant geographic markets in which to assess the competitive effects of the Proposed Acquisition are localized areas in (1) Bremerton, Washington; (2) Burien, Washington; (3) Everett, Washington; (4) Federal Way, Washington; (5) Gig Harbor, Washington; (6) Lake Forest, Washington; (7) Lake Stevens, Washington; (8) Lakewood, Washington; (9) Liberty Lake, Washington; (10) Milton, Washington; (11) Monroe, Washington; (12) Oak Harbor, Washington; (13) Olympia (East), Washington; (14) Port Angeles, Washington; (15) Port Orchard, Washington; (16) Puyallup, Washington; (17) Renton (New Castle), Washington; (18) Renton (East Hill-Meridian), Washington; (19) Sammamish, Washington; (20) Shoreline, Washington; (21) Silverdale, Washington; (22)

COMPLAINT
USDC-WD CAUSE NO.

6

ATTORNEY GENERAL OF WASHINGTON
Antitrust Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7744

Snohomish, Washington; (23) Tacoma (Eastside), Washington; (24) Tacoma (Spanaway), Washington; (25) Walla Walla, Washington; (26) Wenatchee, Washington; and (27) Woodinville, Washington. A hypothetical monopolist controlling all supermarkets in each of these areas could profitably raise prices by a small but significant amount.

## VII.   MARKET CONCENTRATION

23. Under the 2010 Department of Justice and Federal Trade Commission Horizontal Merger Guidelines ("Merger Guidelines") and relevant case law, the Acquisition is presumptively unlawful in the markets for the retail sale of food and other grocery products in supermarkets in all 27 geographic markets listed in Paragraph 22. The Proposed Acquisition will substantially increase concentration in each of the relevant geographic markets, whether measured by the Merger Guidelines' standard measure of market concentration, the Herfindahl-Hirschman Index ("HHI") or by the number of competitively significant firms remaining in each market post-acquisition. Under the HHI, an acquisition is presumed to create or enhance market power or facilitate its exercise if it increases the HHI by more than 200 points and results in a post-acquisition HHI that exceeds 2,500 points.

24. The market concentration levels in each of the relevant geographic markets give rise to a presumption that the Proposed Acquisition, if consummated, would be unlawful. Post-acquisition HHI levels in the relevant geographic markets would range from 2,566 to 10,000, and the Proposed Acquisition would result in HHI increases ranging from 225 to 4,405. Exhibit A presents market concentration levels for each of the relevant geographic markets.

///

COMPLAINT
USDC-WD CAUSE NO.

7

ATTORNEY GENERAL OF WASHINGTON
Antitrust Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7744

25. The Proposed Acquisition will reduce the number of meaningful competitors from two to one in 3 relevant geographic markets, from three to two in 7 relevant geographic markets, and from four to three (or greater) in 17 relevant geographic markets.

## VIII.   ENTRY CONDITIONS

26. Entry into the relevant geographic markets would not be timely, likely, or sufficient in magnitude to prevent or deter the likely anticompetitive effects of the Proposed Acquisition. Significant entry barriers include the time and costs associated with conducting necessary market research, the availability of appropriate locations for a supermarket, obtaining necessary permits and approvals, constructing a new supermarket or converting an existing structure to a supermarket, and generating sufficient sales to have a meaningful impact on the market.

## IX.   EFFECTS OF THE ACQUISITION

27. The Proposed Acquisition, if consummated, is likely to substantially lessen competition for the retail sale of food and other grocery products in supermarkets in the relevant geographic markets identified in Paragraph 22 in the following ways, among others:

   a. by eliminating direct and substantial competition between Defendants Albertsons and Safeway;

   b. by increasing the likelihood that Defendant Albertsons will unilaterally exercise market power; and

   c. by increasing the likelihood of, or facilitating, coordinated interaction between the remaining participants in each of the relevant geographic markets.

COMPLAINT
USDC-WD CAUSE NO.

8

ATTORNEY GENERAL OF WASHINGTON
Antitrust Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7744

28. The ultimate effect of the Proposed Acquisition would be to increase the likelihood that the prices of food, groceries, or services will increase, and that the quality and selection of food, groceries, or services will decrease, in each of the relevant geographic markets.

## X. FIRST CAUSE OF ACTION

### Violation of the Clayton Act

29. Plaintiff incorporates herein by reference all of the allegations contained in Paragraphs 1 through 28 of this Complaint.

30. The Proposed Acquisition described in Paragraph 14 may substantially lessen competition in the provision of supermarket goods and services in each of the relevant geographic markets in violation of Section 7 of the Clayton Act, as amended (15 U.S.C. § 18).

## XI. SECOND CAUSE OF ACTION

### Violation of Washington Unfair Business Practices – Consumer Protection Act

31. Plaintiff incorporates herein by reference all of the allegations contained in Paragraphs 1 through 28 of this Complaint.

32. The Proposed Acquisition described in Paragraph 14 may substantially lessen competition in the provision of supermarket goods and services in each of the relevant geographic markets in violation of RCW 19.86.060.

## XII. PRAYER FOR RELIEF

33. Accordingly, Plaintiff State of Washington prays that this Court:

COMPLAINT
USDC-WD CAUSE NO.

9

ATTORNEY GENERAL OF WASHINGTON
Antitrust Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7744

a. Adjudge and decree that the Proposed Acquisition would violate Section 7 of the Clayton Act, 15 U.S.C. § 18, and RCW 19.86.060;

b. Permanently enjoin and restrain, pursuant to federal and state law, Defendants from consummating the proposed merger in each of the relevant geographic markets identified in Paragraph 22;

c. Award to Plaintiff State of Washington its costs in this action, including reasonable attorney's fees; and

d. Direct such other and further relief as the Court deems just and proper.

DATED this 30th day of January, 2015

Respectfully submitted,

ROBERT W. FERGUSON
Attorney General

DARWIN ROBERTS
Deputy Attorney General

JONATHAN MARK
Senior Assistant Attorney General,
Antitrust Division Chief

STEPHEN T. FAIRCHILD, WSBA No. 41214
Assistant Attorney General
800 5th Ave., Ste. 2000
Seattle, WA 98104-3188
Phone: (206) 389-2848
Fax: (206) 464-6338
stephenf2@atg.wa.gov

COMPLAINT
USDC-WD CAUSE NO.

10

ATTORNEY GENERAL OF WASHINGTON
Antitrust Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

## EXHIBIT A

| Area Number (See Para. 22 of Complaint) | City | State | Merger Result | HHI (pre) | HHI (post) | Delta |
|---|---|---|---|---|---|---|
| 1 | Bremerton | WA | 4 to 3 | 2721 | 3399 | 678 |
| 2 | Burien | WA | 5 to 4 | 1979 | 4489 | 2510 |
| 3 | Everett | WA | 4 to 3 | 2301 | 2586 | 285 |
| 4 | Federal Way | WA | 5 to 4 | 2312 | 2709 | 397 |
| 5 | Gig Harbor | WA | 3 to 2 | 3396 | 5235 | 1839 |
| 6 | Lake Forest Park | WA | 5 to 4 | 3889 | 4352 | 463 |
| 7 | Lake Stevens | WA | 5 to 4 | 2646 | 3455 | 809 |
| 8 | Lakewood | WA | 6 to 5 | 2333 | 3170 | 837 |
| 9 | Liberty Lake | WA | 3 to 2 | 3483 | 5090 | 1607 |
| 10 | Milton | WA | 3 to 2 | 3960 | 5010 | 1050 |
| 11 | Monroe | WA | 4 to 3 | 2911 | 3352 | 441 |
| 12 | Oak Harbor | WA | 3 to 2 | 4296 | 6446 | 2150 |
| 13 | Olympia (East) | WA | 6 to 5 | 2205 | 2566 | 361 |
| 14 | Port Angeles | WA | 2 to 1 | 3773 | 5588 | 1815 |
| 15 | Port Orchard | WA | 4 to 3 | 2747 | 3362 | 615 |
| 16 | Puyallup | WA | 3 to 2 | 4160 | 5072 | 912 |
| 17 | Renton (East Hill-Meridian) | WA | 4 to 3 | 3304 | 3719 | 415 |
| 18 | Renton (New Castle) | WA | 4 to 3 | 4417 | 5274 | 857 |
| 19 | Sammamish | WA | 2 to 1 | 5761 | 10,000 | 4239 |
| 20 | Shoreline | WA | 4 to 3 | 3792 | 4017 | 225 |
| 21 | Silverdale | WA | 4 to 3 | 2845 | 3516 | 671 |
| 22 | Snohomish | WA | 2 to 1 | 5595 | 10,000 | 4405 |
| 23 | Tacoma (Eastside) | WA | 4 to 3 | 3260 | 3727 | 467 |
| 24 | Tacoma (Spanaway) | WA | 5 to 4 | 2707 | 3360 | 653 |

COMPLAINT
USDC-WD CAUSE NO.

11

ATTORNEY GENERAL OF WASHINGTON
Antitrust Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7744

| | | | | | | |
|---|---|---|---|---|---|---|
| 25 | Walla Walla | WA | 5 to 4 | 2624 | 3417 | 793 |
| 26 | Wenatchee | WA | 3 to 2 | 3744 | 5047 | 1303 |
| 27 | Woodinville | WA | 3 to 2 | 3568 | 5192 | 1624 |

COMPLAINT
USDC-WD CAUSE NO.

12

ATTORNEY GENERAL OF WASHINGTON
Antitrust Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7744