THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>Plaintiff,<br><br>v.<br><br>CERBERUS INSTITUTIONAL PARTNERS V, LP, AB ACQUISITION, LLCL and SAFEWAY, INC.,<br><br>Defendants. | CASE NO. C15-147-JCC<br><br>ORDER ENTERING CONSENT DECREE |

This matter comes before the Court on the parties' stipulated motion for entry of a consent decree (Dkt. No. 4). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby **GRANTS** the motion and **ENTERS** the following consent decree:

WHEREAS, Plaintiff State of Washington, through its Attorney General, ("Plaintiff") having initiated an investigation of the proposed acquisition by Defendants AB Acquisition, LLC ("Albertsons") and Cerberus Institutional Partners V, L.P. ("Cerberus"), of Defendant Safeway Inc. ("Safeway"), filed a Complaint alleging violations of Section 7 of the Clayton Act, 15 U.S.C. § 18, and the Washington Unfair Business Practices – Consumer Protection Act, RCW 19.86.080; and

WHEREAS, Defendants agree that this Court has jurisdiction over them and the subject matter in this action; and

WHEREAS, Defendants agree to be bound by the provisions of this Consent Decree pending its approval by the Court and thereafter; and

WHEREAS, Defendants have agreed with the Federal Trade Commission (the "FTC" or the "Commission") to an Agreement Containing Consent Order (the "ACCO"), including a Complaint, an Order to Maintain Assets (the "OMA") and a Decision and Order (the "FTC Order") in a Related Action (defined herein), which have all been provisionally accepted by the Commission. The OMA and FTC Order are incorporated into this Consent Decree and attached as Exhibits A and B hereto to address the allegations set forth by Plaintiff in its Complaint;

NOW THEREFORE, before any testimony is taken, without trial or adjudication of any issue of fact or law, without any admission or finding of wrongdoing or violation of any law, and upon consent of the Parties, it is **ORDERED**, **ADJUDGED**, AND **DECREED**:

**I. JURISDICTION**

1. Defendant Cerberus Institutional Partners V, L.P. is a limited partnership organized, existing, and doing business under and by virtue of the laws of the State of Delaware, with its headquarters and principal place of business located at 875 Third Avenue, 11th Floor, New York, NY 10022.

2. Defendant AB Acquisition LLC is a company organized, existing, and doing business under and by virtue of the laws of the State of Delaware, with its headquarters and principal place of business located at 250 Parkcenter Boulevard, Boise, ID 83706.

3. Defendant Safeway Inc. is a corporation organized, existing, and doing business under and by virtue of the laws of the State of Delaware, with its headquarters and principal

place of business located at 5918 Stoneridge Mall Rd., Pleasanton, CA 94588.

4. This Court has jurisdiction over the subject matter of, and each of the Parties to, this action. The Complaint states a claim upon which relief may be granted against Defendants under Section 7 of the Clayton Act, 15 U.S.C. § 18, and under RCW 19.86.060, alleged in the Complaint as a supplemental state claim.

## II. DEFINITIONS

It is **ORDERED** that, as used in this Consent Decree, all defined terms used herein shall have the meaning defined in the FTC Order. In addition, the following definitions shall apply:

A. "<u>Defendants</u>" means Cerberus, Albertsons, and Safeway, individually and collectively.

B. "<u>Washington Assets To Be Divested</u>" means the Supermarkets in Washington identified on Schedules C and D of the FTC Order, or any portion thereof, and all rights, title, and interest in and to all assets, tangible and intangible, relating to, used in, and/or reserved for use in, the Supermarket business operated at each of those locations, including but not limited to all properties, leases, leasehold interests, equipment and fixtures, books and records, government approvals and permits (to the extent transferable), telephone and fax numbers, and goodwill. Washington Assets To Be Divested includes any of Defendants' other businesses or assets associated with, or operated in conjunction with, the Washington Supermarket locations listed on Schedules C and D of the FTC Order, including any fuel centers (including any convenience store and/or car wash associated with such fuel center), pharmacies, liquor stores, beverage centers, store cafes, or other related business(es) that customers reasonably associate with the Supermarket business operated at each such location. At the Acquirer's option, the Washington Assets To Be Divested shall also include any or all inventory as of the

Divestiture Date.

>*Provided, however*, that the Washington Assets To Be Divested shall not include those assets consisting of or pertaining to any of the Defendants' trademarks, trade dress, service marks, or trade names, except with respect to any purchased inventory (including private label inventory) or as may be allowed pursuant to any Remedial Agreement(s); and

>*Provided, further*, that in cases in which books or records included in the Washington Assets To Be Divested contain information (a) that relates both to the Washington Assets To Be Divested and to other retained businesses of Defendants or (b) such that Defendants have a legal obligation to retain the original copies, then Defendants shall be required to provide only copies or relevant excerpts of the materials containing such information. In instances where such copies are provided to an Acquirer, the Defendants shall provide to such Acquirer access to original materials under circumstances where copies of materials are insufficient for regulatory or evidentiary purposes.

C. "Commission" means the Federal Trade Commission.

D. "Related Action" means the Commission's investigation of Defendants involving the merger of Defendants, resulting in the consolidation of retail Supermarket stores Chelan, Clallam, Island, King, Kitsap, Pierce, Snohomish, Spokane, Thurston, and Walla Walla Counties in Washington, and other areas, and its subsequent action, In the Matter of Cerberus Institutional Partners V, L.P.; AB Acquisition LLC; and Safeway Inc.

E. "Washington Relevant Areas" means Chelan, Clallam, Island, King, Kitsap, Pierce, Snohomish, Spokane, Thurston, and Walla Walla Counties in Washington.

## III. ASSET MAINTENANCE AND DIVESTITURE RELIEF

It is hereby **ORDERED** that:

A. Defendants shall comply with the OMA and with the FTC Order.

B. All Remedial Agreements shall be deemed incorporated by reference into this Consent Decree and Defendants shall comply with all such Remedial Agreements.

C. Defendants waive any objection to reports to the Commission by the Monitor as required by Paragraph III of the OMA or Paragraph IV of the FTC Order, or by the Divestiture Trustee as required by Paragraph III of the FTC Order, to the extent such reports relate to the Washington Assets to be Divested or the Washington Relevant Areas, also being provided to Plaintiff at the same time they are provided to the Commission. Defendants further waive any objection to the Monitor consulting with or disclosing any relevant information to Plaintiff so long as Plaintiff agrees to maintain the confidentiality of such information to the fullest extent possible. In the event of a disagreement or dispute between Defendants and the Monitor that cannot be resolved, Defendants must agree to permit the Monitor to seek the assistance of the Antitrust Division of the Office of the Washington Attorney General to resolve the issue.

D. For the duration of this Consent Decree, Defendants shall not terminate or rescind the Limited Waiver to Permit Certain Exchanges of Confidential Information dated May 16, 2014 (Cerberus), or the Limited Waiver to Permit Exchanges of Confidential Information dated May 18, 2014 (Safeway), without the consent of Plaintiff.

## IV. OTHER RELIEF

It is further **ORDERED** that:

A. Any advance written notification to the Commission required by Paragraph VIII of the

FTC Order, to the extent such notification relates to the Washington Assets To Be Divested or the Washington Relevant Areas, shall also be provided to Plaintiff.

B. Said notification under this Paragraph shall be provided in writing, and shall include a brief description of the transaction, the parties to the transaction, the anticipated closing date, specificity of location within the Washington Relevant Areas, and the contact person for follow-up information requests. Notification shall be sent via overnight express delivery to the following address:

> Stephen Fairchild, Assistant Attorney General
> Office of the Washington Attorney General
> Antitrust Division
> 800 Fifth Avenue, Suite 2000
> Seattle, WA 98104-3188

Defendants shall provide the notification to Plaintiff at least thirty (30) days prior to consummating any such transaction. To comply with this Paragraph, Defendants shall provide to Plaintiff the same notification on the same day that Defendant provides such notice(s) to the Commission pursuant to Paragraph VIII of the FTC Order.

C. Plaintiff may request further information from Defendants of a transaction reported under Paragraph IV(A), subject to claims of privilege or other rights Defendants may have in response to such requests. Such requests shall be made by Investigative Demands issued pursuant to the authority of this Consent Decree and RCW 19.86.110. Nothing in this Paragraph IV shall waive, limit or compromise Plaintiff's authority and ability to pursue a subsequent enforcement action against Defendants for a transaction that may violate state or federal law.

D. Pursuant to RCW 19.86.080, Plaintiff is awarded its attorneys' fees and investigative costs in the amount of twenty-eight thousand dollars ($28,000). The Attorney General

shall use the funds for recovery of the costs of any attorneys' fees incurred in investigating this matter, future enforcement of RCW 19.86, or for any lawful purpose in the discharge of the Attorney General's duties, at the sole discretion of the Attorney General. Defendants shall pay this sum to the Plaintiff within thirty (30) days of entry of this Consent Decree or March 1, 2015, whichever is later, and shall be made by cashier's check or wire transfer to the State of Washington, Office of the Attorney General.

## V. COMPLIANCE AND MONITORING

It is further **ORDERED** that:

A. Defendants shall submit to Plaintiff copies of all verified written reports required to be submitted to the Commission by Paragraph IX of the FTC Order, which copies shall be provided to the Plaintiff on the same day that Defendants provide their reports to the Commission. When Defendants provide Plaintiff a copy of a verified written report submitted to the Commission, Defendants must state in such report that the report is responsive to and enforceable under the corresponding provisions of this Consent Decree.

B. If requested by Plaintiff, Defendants shall provide the name(s) of Defendants' employee(s) who provided and/or are responsible for providing information used and reviewed in support of the statements contained in the written report of compliance.

## VI. NOTICE AND NOTICE EVENTS

It is further **ORDERED** that:

Any notice provided by Defendants to the Commission pursuant to Paragraph X of the FTC Order shall also be provided to the Plaintiff on the same day such notice is provided to the Commission.

A. Any notices required by this Consent Decree shall be delivered to the parties at the

following addresses:

For Albertsons:
    AB Acquisition, LLC
    250 Parkcenter Blvd.
    Boise, ID 83706
    Attention: General Counsel

with a copy to:
    Dechert LLP
    1900 K Street NW
    Washington, DC 20006
    Attention:    Paul T. Denis
                    James A. Fishkin

For Cerberus:
    Cerberus Capital Management
    875 Third Avenue
    11th Floor
    New York, NY 10022
    Attention: General Counsel

with a copy to:
    Dechert LLP
    1900 K Street NW
    Washington, DC 20006
    Attention: Paul T. Denis
    James A. Fishkin

For Safeway:
    Safeway Inc.
    5918 Stoneridge Mall Road
    Pleasanton, CA 94588
    Attention: General Counsel

with a copy to:
    Law Offices of Richard C. Weisberg
    33 Derwen Road
    Bala Cynwyd, PA 19004
    Attention: Richard C. Weisberg

For Plaintiff, to the same address listed in Paragraph IV(B).

Any party may change the name or address of the person to receive notice by providing prior written notice to the other parties.

## VII. PLAINTIFF'S RIGHTS OF INVESTIGATION, INSPECTION AND EXAMINATION

It is further **ORDERED** that, for the purpose of determining or securing compliance with this Consent Decree:

A. Plaintiff may issue an Investigative Demand pursuant to RCW 19.86.110. Defendants shall timely and fully comply with any such Investigative Demands; and

B. Subject to any legally recognized privilege, upon written request and upon five (5) days' notice to Defendants, Defendants shall permit any duly authorized representative of Plaintiff

1. Access, during office hours of Defendants and in the presence of counsel, to all facilities and access to inspect and copy all books, ledgers, accounts, correspondence, memoranda and all other records and documents in the possession or under the control of Defendants relating to compliance with this Consent Decree, which copying services shall be provided by such Defendant at the request of the authorized representative(s) of Plaintiff and at the expense of Defendant; and

2. Without restraint or interference from Defendants, access to interview officers, directors, or employees of Defendants, who may have counsel present, regarding any such matters.

## VIII. VIOLATIONS AND ENFORCEMENT OF CONSENT DECREE

It is further **ORDERED** that:

A. It shall be a violation of this Consent Decree if a Defendant fails to abide by the terms of this Consent Decree or, to the extent they relate to the Washington Assets To Be

Divested or the Washington Relevant Areas, the FTC Order, OMA, and/or any Remedial Agreements.

B. Subject to the requirements of this Section, Plaintiff may petition the Court for relief as a result of a violation of this Consent Decree by filing a "Notice of Violation of Consent Decree" which shall set forth the alleged violation and the relief sought by Plaintiff.

C. For any violations of this Consent Decree committed by Defendant(s), Plaintiff may seek the following remedies:

    1. Payment of penalties in accordance with RCW 19.86.140;

    2. A civil contempt of court order from the Court retaining jurisdiction over the interpretation, modification and enforcement of this Consent Decree, and all remedies provided by law for obtaining such order; and

    3. Equitable and injunctive relief, with respect to the Washington Assets To Be Divested, authorized by federal or state law that the Court deems appropriate, so long as such relief is not inconsistent with the FTC Order.

D. All relief requested by Plaintiff for violation of the provisions of this Consent Decree shall be supported by evidence presented to the Court in whatever form required by the Court, applying substantive Washington law in interpretation and enforcement.

E. All monetary penalties paid pursuant to this Section shall be deposited in compliance with RCW 19.86.140. Defendant(s) shall also pay to Plaintiff its reasonable attorneys' fees and costs incurred if Plaintiff is the prevailing party in a contested action to interpret, modify or enforce this Consent Decree.

F. Plaintiff shall not take enforcement action under this Consent Decree until the

following has occurred:

    1. Plaintiff has given a Defendant notice of the alleged violation(s) in writing;

    2. Defendant has had a period of at least thirty (30) days to (a) respond to and cure the alleged violation(s); and/or (b) provide written notice disputing the alleged violation or presenting cure to Plaintiff; and

    3. The respective Parties have had a period of ten (10) days after Defendant has provided notice of dispute or notice of cure to meet and confer regarding the alleged violation(s) and the respective Parties' responses. Such meeting and conferral may occur in person, by telephone, or in writing.

G. If Defendant fails to respond to and cure, or fail to provide written notice of dispute, Plaintiff may immediately seek relief from the Court. The respective parties may, but no party is required to, extend the timelines in this Paragraph by mutual consent in writing. Plaintiff may informally notify Defendant of receipt of information alleging a violation of this Consent Decree if, in Plaintiff's judgment, such notification could likely result in a prompt resolution of the alleged violation.

## IX. CHANGES TO AND DIRECTIVES RESULTING FROM COMMISSION'S DECISION AND ORDER

It is further **ORDERED**, that from the date of entry of this Consent Decree, if the Commission makes any changes to the FTC Order or OMA or issues further directives pursuant to the FTC Order or OMA, and unless otherwise stipulated by the parties to this Consent Decree, Plaintiff shall have sole discretion to seek relief from this Court to incorporate into this Consent Decree the terms of the amended FTC Order or OMA and/or any subsequent directives or orders issued by the Commission. Plaintiff shall notify Defendant through its counsel in writing if Plaintiff acts in accordance with this Section and shall promptly present any such amendments to

this Court.

**X. GENERAL PROVISIONS**

It is further **ORDERED** that:

A. The remedies in this Consent Decree are in addition to all remedies available to Plaintiff under federal and state law. Nothing in this Consent Decree shall prohibit or in any way limit Plaintiff from seeking all damages, fines, penalties and remedies for any Defendant's conduct, actions, transactions, mergers or acquisitions that is/are otherwise unlawful under federal or state law, even if such conduct, actions, transactions, mergers or acquisitions may also violate this Consent Decree.

B. This Consent Decree shall neither be construed nor interpreted as a concession that Defendants have, or any of them has, violated any federal or state law, nor that Defendants have adopted or agreed to any allegations in Plaintiff's Complaint, except for the allegations relating to jurisdiction.

C. This Consent Decree shall terminate ten (10) years from the date of entry; provided, however, that this Consent Decree may remain in effect after completion of such ten (10) year period solely for the purpose of determining or enforcing compliance during its ten-year effective period.

D. This Court retains jurisdiction to enable any Party to this Consent Decree to apply to this Court at any time for further orders and directions as may be necessary or appropriate to carry out or construe this Consent Decree, to modify any of its provisions, to enforce compliance, and to punish violations of its provisions.

//

//

DATED this 3rd day of February 2015.

John C. Coughenour
UNITED STATES DISTRICT JUDGE